**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

In Re:                                                    Case No. 17-10222-KKS

**NATIONAL WATER SOLUTIONS, LLC**,            Chapter 7

                    Debtor.
_____/

**TRUSTEE'S EMERGENCY MOTION TO SELL**
**PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS**
**AND ENCUMBRANCES WITH CONSENT OF SECURED CREDITORS**

COMES NOW THERESA M. BENDER, Chapter 7 Trustee (the "Trustee") of the above-referenced bankruptcy estate (the "Estate"), requesting the Court authorize a sale of estate property (the "Sale") on an emergency basis as described more fully below, and states:

<u>Summary</u>

This is an emergency motion to sell estate property of National Water Solutions, LLC (the "Debtor"), a retail pool store, to its former manager or her assigns. The former manager has no relationship with the Debtor other than as a previous employee. The market for pool services is such that the only sale that could produce a meaningful distribution for this case is an immediate sale as a going concern. Customers for pool supplies are not particularly loyal. The assets to be sold are oversecured by landlord's liens, as described on the Debtor's Schedule D, so they have no meaningful value to the Estate apart from as part of this sale. Because the buyer is only willing to pay the offered price for an immediate sale as a going concern, this sale must occur on an emergency basis.

## Description of the Debtor

This Chapter 7 case was filed on September 5, 2017. The Debtor is a commercial retail pool store with locations in Gainesville and Ocala, Florida. The Debtor is owned by a larger corporate entity that regionally owns a number of similar firms. The Debtor stores pool servicing equipment and supplies at the two locations. There are two landlords that rent space to the Debtor—one for each of the two locations—where the Debtor's property is stored.

Upon the Trustee's reasoned business judgment, the liquidation value of the property in the two locations after deducting the costs of removal, storage, and sale, is below the amounts of the lienholders' interests.  Therefore, liquidation is not likely to produce any value to the Estate, the property—which includes hazardous chemicals requiring special handling—has a high cost burden to move and store for a sale, and it is likely the Trustee would ultimately be required to abandon the property.

## Description of the Property

The property to be sold is (a) all the Debtor's personal property (as shown on Schedule B of the Debtor's schedules), which generally is software, storage racks and displays, a small forklift, pool chemicals and related cleaning products, and (b) the Debtor's commercial name and associated goodwill (the "Property"). The Debtor scheduled the value of the Property stored at the Ocala location at $166,277.00, and the value of the Property stored at the Gainesville location at $256,951.45. Upon information and belief, the Property includes hazardous materials which require special handling.

<u>I. Known Lienholders</u>

The Debtor has disclosed on Schedule D that the two landlords hold liens against the Property in the following amounts:

| | | |
|---|---|---|
| Patriot Realty, LLC | $232,294.00 | Gainesville location |
| Ocala SR-200 Equity Partners | $228,194.00 | Ocala location |

<u>II. Unsecured Creditors</u>

The Debtor's unsecured creditors are dominated by the claim of AllChem Performance Products, Inc. ("AllChem")—the Debtor's corporate owner (see Doc. 3)—which holds the largest unsecured claim in the amount of $1,663,638.43—constituting approximately 98% of the total unsecured claims. Upon information and belief, AllChem—the Debtor's dominating unsecured creditor—has no objection to the Sale.

**Description of the Buyer**

The Buyer is JRM Pools, LLC, owned by Tamara DiGiacomo (the "Buyer") who was the manager of the Debtor's Gainesville location at the time that the Debtor ceased business operations, at which time she was terminated along with the other employees of the Debtor. Mrs. DiGiacomo has no other connection to the Debtor and is not an insider. This is an arms-length sale negotiated between the Buyer and the Trustee.

**Description of the Proposed Terms**

The Buyer proposes to make the following payments (collectively, the "Sale Price") in exchange for an asset purchase of the Debtor <u>as a going concern</u>:

| | | |
|---|---|---|
| Patriot Realty, LLC | $20,000.00 | Lienholder |
| Ocala SR-200 Equity Partners | $30,000.00 | Lienholder |
| The Bankruptcy Estate | $20,000.00 | Carve-out |

Patriot Realty, LLC has agreed to waive its claim in the bankruptcy estate.

Upon the granting of this motion, the Trustee will execute a bill of sale which will convey the Estate's interest in the Property to the Buyer "as-is, where is" with no guarantees or warranties of any kind whatsoever. The Property will be conveyed to the Buyer free and clear of all liens, encumbrances, and claims of any kind. To the extent there are any unknown unscheduled claimants against the Property, their claims shall attach to the proceeds received by the Estate, if such claims are timely filed and allowed.

The Buyer will pay closing costs, if any.

<u>Request to Shorten Notice and Waive Stay</u>

Pursuant to Bankruptcy Rule 6004(a), notice of the proposed sale of property outside the ordinary course of business is to be provided in accordance with Bankruptcy Rule 2002(a)(2), (c)(1), and (k). These provisions of Bankruptcy Rule 2002 provide, in part, that all creditors are to receive at least 21 days' notice of a sale of estate assets outside the ordinary course of business, unless the court, for cause, shortens the time or directs another method of giving notice. Fed. R. Bankr. P. 2002(a)(2). Relevant here, Bankruptcy Rule 2002(c)(1) provides that the notice of the proposed sale of assets is to include a general description of the assets, the terms and conditions of any private sale, and the time fixed for filing objections. Fed. R. Bankr. P. 2002(c)(1).

**Trustee's Analysis and Reasoned Judgment in Favor of the Sale**

The Trustee has considered the following factors when concluding that the Sale is in the best interest of the Estate:

- The Property offers no liquidation value to the Estate once secured lienholders and the costs of sale are considered.

- The Trustee has no current reason to believe the liens of the secured claimants could or should be avoided. Although there is an outside possibility that the liens of the landlords could be avoided under certain hypothetical scenarios, the Trustee has no current reason to believe that any avoidance scenario is possible or even likely, and the risk to pass up this opportunity in order to research this issue further is not justified under the circumstances.

- The Property is burdensome to the Estate:

  o The Property includes hazardous materials that require special handling at increased cost if the Trustee were to take custody of them.

  o The Estate must either pay the two landlords for the continued use of their properties to store the Property, or must pay to relocate the Property and store it somewhere else prior to sale.

- The sale of the Property to a former employee who is in a position to continue the business will produce the highest and best price for the Property and achieve a distribution to the Estate not available under any other sale scenario.

- The terms of the Sale will also reduce the claims against the Estate by a substantial amount because the landlords are waiving their unsecured claims.

- Because the local market is very competitive and there are only 8,800 customers for pool services in Alachua County, the sale on an emergency basis is rational and justified.

- Over 99% of the total value of claims in this case (AllChem plus the claims of the two landlords) are either in favor of or do not object to the Sale. See **Composite Exhibit A** attached hereto.

Counsel for the Buyer will notice by this motion by first class United States mail, postage prepaid, to all creditors listed on the current mailing matrix filed with the Court, and by facsimile or electronic mail to the maximum extent possible. AllChem and the two secured creditors will also be noticed by facsimile or electronic mail. The Trustee requests that the notice period be shortened to correspond with the emergency hearing date.

The Trustee requests that the Court waive the F.R.B.P. 6004(g) 14-day notice after the entry of an order approving the Sale.

WHEREFORE, the Trustee requests that this Court enter an Order:

(a) approving the sale of the Property free and clear as outlined above, *nunc pro tunc* to September 12, 2017;

(b) authorizing the Trustee to execute any documents within her capacity as Trustee that are necessary to effectuate the Sale including the bill of sale;

(c) finding the Buyer to be a good purchaser subject to the protections of § 363(m) and that the Sale is not subject to avoidance under § 363(n) ;

(d) waiving the FRBP 6004(g) 14-day notice period after the entry of an order approving the Sale;

(e) limiting the service of any order approving or denying this motion to the Trustee, counsel for the Trustee, the Buyer, any objecting party, the Office of the U.S. Trustee, the Debtor, and counsel for the Debtor;

(f) shortening the time for notice as required under FRBP 2002; and

(g) awarding such other and further relief that this Court deems just and proper.

Dated this 15th day of September, 2017.

/s/Theresa M. Bender
THERESA M. BENDER
CHAPTER 7 TRUSTEE
P. O. Box 14557
Tallahassee, FL 32317
PH: 850.205.7777
FL Bar No. 0749486
Tmbenderch7@yahoo.com

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the Trustee's Emergency Motion to Sell Property of the Estate Free and Clear of Liens and Encumbrances has been served this day, as follows:
**By CM/ECF Electronic Transmission to**:
    Theresa M. Bender, P. O. Box 14557, Tallahassee, FL 32317, tmbenderch7@yahoo.com, tmbenderch7@ecf.inforuptcy.com
    United States Trustee, 110 E. Park Avenue, Suite 128 Tallahassee, FL 32301, USTPRegion21.TL.ECF@usdoj.gov
    National Water Solutions, LLC, c/o Stephanie Boommershine, Bogin Munns & Munns, 1000 Legion Place, Suite 1000, Orlando, FL 32806, sboomershine@boginmunnsmunns.com
**By United States, Regular Mail, Postage Prepaid, and Electronic Transmission to**:
    Ocala SR-200 Equity Partners, RLLP, c/o Tim Haines, Gray, Ackerman & Haines, P.A., 120 N.E. First Avenue, Suite I, Ocala, FL 34470, thaines@gahlaw.com
    Patriot Realty, LLC, P.O. Box 1523, Alachua, FL 32616, damon56@bellsouth.net
**By United States, Regular Mail, Postage Prepaid and Facsimile to**:
    AllChem Performance Products, Inc., 6010 N.W. First Place, Gainesville, FL 32607, (352) 338-0400
**By United States, Regular Mail, Postage Prepaid to**:
    All creditors and interested parties on the attached current mailing matrix



2135 N.W. 40th Terrace, Ste. B
Gainesville, Florida 32605
tel 866.996.6104  fax 407.209.3870
net jchilders@smartbizlaw.com

 /s/ Seldon J. Childers, Esq.
    Florida Bar No. 61112

Label Matrix for local noticing
1129-1
Case 17-10222-KKS
Northern District of Florida
Gainesville
Fri Sep 15 10:13:30 EDT 2017

Florida Dept. of Labor/Employment Security
c/o Florida Dept. of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

National Water Solutions, LLC
7100 W University Ave
Gainesville, FL 32607-1643

U.S. Attorney (Tallahassee Office)
111 N. Adams Street
Fourth Floor
Tallahassee, FL 32301-7736

(p)U S SECURITIES AND EXCHANGE COMMISSION
ATLANTA REG OFFICE AND REORG
950 E PACES FERRY RD NE STE 900
ATLANTA GA 30326-1382

AT&T
PO Box 105262
Atlanta, GA 30348-5262

AllChem Performance Products, Inc.
6010 NW First Place
Gainesville, FL 32607-6018

Bank of America
PO Box 15731
Wilmington, DE 19886-5731

Cox Communications, Inc.
2205 LaVista Avenue
Pensacola, FL 32504-8251

FL Department of Revenue
P. O. Box 6668
Tallahassee, FL 32314-6668

Gainesville Regional Utilities
PO Box 147051
Gainesville, FL 32614-7051

Ocala SR-200 Equity Partners
1720 SE 16th Ave BLDG 200
Ocala, FL 34471-4620

Odyssey Manufacturing
1484 Massaro Blvd
Tampa, FL 33619-3006

Patriot Realty, LLC
Po Box 1523
Alachua, FL 32616-1523

RB Control Systems
1512 Lincoln Highway
North Versailles, PA 15137-2506

Raintree Graphics
PO Box 5967
Jacksonville, FL 32247-5967

Roy T. Boyd, III,
Ocala SR-200 Equity Partners
1720 SE 16th Ave Bldg 200
Ocala, FL 34471-4620

SCP Distributors LLC
Dept #0594
PO Box 850001
Orlando, FL 32885-0594

The Emory Group LLC
2727 SW Williston RD
Gainesville, FL 32608-3938

United States Trustee +
110 E. Park Avenue
 Suite 128
Tallahassee, FL 32301-7728

Theresa M. Bender +
P.O. Box 14557
Tallahassee, FL 32317-4557

Jeff Sessions +
Office of the Attorney General
Main Justice Bldg., Rm. 511
Tenth & Constitution
Washington, DC 20530-0001

Secretary of the Treasury +
U.S. Treasury Department
15th & Pennsylvania Ave.
Washington, DC 20220-0001

Internal Revenue Service +
P.O. Box 7346
Philadelphia, PA 19101-7346

Stephanie Boomershine +
Bogin Munns & Munns
1000 Legion Place
Suite 1000
Orlando, FL 32801-1025

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
U.S. Securities & Exchange Commission          End of Label Matrix
Branch of Reorganization                       Mailable recipients    25
3475 Lenox Rd., N.E. Suite 100                 Bypassed recipients     0
Atlanta, GA 30326-1323                         Total                  25
```